| |
|---|
| **LEWIS G. ADLER, ESQ.** <br> Attorney ID#: 023211985 <br> 26 Newton Ave. <br> Woodbury, NJ 08096 <br> Tel. #: (856) 845-1968 <br> Fax #: (856) 848-9504 <br> Email: **lewisadler@verizon.net** <br> Lead counsel for plaintiff(s), Aaron Thomas, Sharon Downs Thomas, Paul Johnston, Shirley Johnston, Dan Morian, Tiffany Morian, Michelle Morian, William Stutzenburg, Pamela Stutzenburg, Scott Howard, Jessica Howard, and Robin Richardson, on behalf of herself and all others similarly situated (plaintiff(s)) |
| **LOUIS D. FLETCHER, ESQ.** <br> Attorney ID#: 013801974 <br> 26 Newton Ave. <br> Woodbury, NJ 08096 <br> Tel. #: (856)251-0999 <br> Co-counsel for plaintiff(s) |
| **ROGER C. MATTSON, ESQ.** <br> Attorney ID#: 014361976 <br> 26 Newton Ave. <br> Woodbury, NJ 08096 <br> Tel. #: (856) 848-4050 <br> Co-counsel for plaintiff(s) |
| **LAW OFFICE OF PAUL DEPETRIS** <br> Paul DePetris <br> Attorney ID #: 005821996 <br> 703 Stokes Rd., Ste. 9 <br> Medford, NJ 08055 <br> Tel. #: 609-714-2020 <br> Email: **paul@newjerseylemon.com** <br> Co-counsel for plaintiff(s) |

| | |
|---|---|
| AARON THOMAS, SHARON DOWNS THOMAS, PAUL JOHNSTON, SHIRLEY JOHNSTON, DAN MORIAH, TIFFANY MORIAN, MICHELLE MORIAN, WILLIAM STUTZENBURG, PAMELA STUTZENBURG, SCOTT HOWARD, JESSICA HOWARD, AND ROBIN RICHARDSON, INDIVIDUALLY | FEDERAL COURT DISTRICT OF NEW JERSEY <br><br> CASE NO. <br> 1:14-cv-01870 (NHL)(JS) |

AND AS A CLASS REPRESENTATIVE ON BEHALF OF OTHERS SIMILARLY SITUATED,
PLAINTIFF(S),
VS.
SOLVAY SPECIALTY POLYMERS USA, LLC (A WHOLLY OWNED SUBSIDIARY OF SOLVAY SA) AND JOHN DOES INDIVIDUALS AND BUSINESSES 1-20,

    DEFENDANT(S).

## PRELIMINARY APPROVAL ORDER

**THIS MATTER** having been opened to the Court on the Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, acting through Class Counsel, as defined below, and Solvay Specialty Polymers USA, LLC ("Solvay") and Arkema Inc. ("Arkema") (Solvay and Arkema together herein referred to as "Defendants") (collectively, the "Parties") have entered into a Stipulation and Agreement of Settlement dated November 13, 2015, to settle the above-captioned lawsuit (the "Action"), conditioned on the Court's final approval of the settlement. The Settlement Agreement sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action. Terms capitalized herein and not separately defined shall have the meanings ascribed to them in the Settlement Agreement.

Plaintiffs have moved under Federal Rules of Civil Procedure 23(b) and (e)

for an order: (1) preliminarily approving a class settlement on the terms and conditions set forth in the Class Settlement Agreement ; (2) conditionally certifying two settlement classes ("Settlement Classes") for the purpose of settlement; (3) approving the form, content and manner of issuing notice of the proposed settlement to the Class Members; (4) appointing a guardian ad litem for minor Resident Class Members, as the Court deems necessary; (5) setting bar dates for exclusion from the Settlement Classes and for making any objection to the proposed settlement; and (6) scheduling a hearing at which time the Court will be asked to finally approve the settlement and to approve Class Counsel's request for attorney's fees; and the Court having carefully considered the Motion for Preliminary Approval and supporting Memorandum of Law, the Settlement Agreement (including all exhibits), and the record in this case, and good cause appearing, IT IS, on this 29th day of February, 2016, the Court find and declares as follows:

    (a)  This Court has jurisdiction over this action and each of the Parties under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act, and that venue is proper in this district.

    (b) The Settlement Agreement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the proposed class settlement to Class Members and to hold a fairness hearing.

(c) The Settlement Agreement was entered into after negotiations at arm's length among experienced counsel.

**IT IS THEREFORE HEREBY ORDERED AS FOLLOWS:**

1. For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of the Resident Class and the Property Class (collectively, the "Settlement Classes"), defined as follows:

**The Resident Class**

All persons who were residents of the Borough of Paulsboro, Gloucester County, New Jersey for at least 12 months, consecutive or otherwise, during the period from August 19, 2009 through April 10, 2014;

and

**The Property Class**

All persons who owned residential property in the Borough of Paulsboro, Gloucester County, New Jersey at any time during the period from August 5, 2013 through April 10, 2014.

2. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Classes shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped from taking any position relating to class

certification.

3.     The Court preliminarily appoints Plaintiffs Aaron Thomas, Sharon Downs Thomas, Paul Johnston, Shirley Johnston, Dan Morian, Tiffany Morian, Michelle Morian, William Stutzenberg, Pamela Stutzenberg, Scott Howard, Jessica Howard, and Robin Richardson as representatives for the Settlement Classes.  The Court preliminarily finds that Lewis G. Adler, Esquire, Louis D. Fletcher, Esquire, Roger C. Mattson, Esquire, Paul Depetris, Esquire, Dave Cedar, Esquire, and Williams Cuker, Berezofsky Attorneys at Law, fairly and adequately represent the interests of Plaintiffs and the Class and hereby appoints them as Class Counsel to represent the Class pursuant to Fed. R. Civ. P. 23(g).

4.     The terms of the parties' Settlement Agreement are hereby conditionally approved pending a Fairness Hearing, as defined below.

5.     The Court directs that Notice be sent to Class Members in accordance with the Settlement Agreement and this Order.

6.     A hearing (the "Fairness Hearing") shall be held on June 2, 2016, 10a.m. before the undersigned in Courtroom No. 3A, at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets Camden, NJ 08101.

7.     The date of the Fairness Hearing will be included in the Notice of Proposed Class Action Settlement.  The purpose of the Fairness Hearing will be to: (a) determine whether the proposed Settlement Agreement is fair, reasonable, and

adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing with prejudice the Action, and permanently barring Class Members from bringing any lawsuit or other action based on the Released Claims; and (c) consider other Settlement-related matters and appropriate attorneys' fees.

8. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Classes, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Classes.

9. The Court appoints Dahl Administration, LLC to serve as Claims Administrator to implement, perform, and oversee notice of the Settlement Agreement to Class Members; to process and pay Settlement Benefits to Class Members; and to otherwise carry out the settlement administration responsibilities under the Settlement Agreement.

10. The Court has reviewed the "Notice of Proposed Settlement of Class Action and Final Settlement Hearing" (the "Notice"), attached to the Settlement Agreement, as Exhibit A, the Publication Notice, attached to the Settlement Agreement as Exhibit B, the Joint Press Release, attached to the Settlement Agreement as Exhibit C, and the Claim Form, attached to the Notice. The Court

approves as to form the Notice, the Publication Notice, the Joint Press Release and the Claim Form. The Court also approves the method of directing notice to eligible members of the Settlement Classes, as set forth in paragraph 11 below.

11. Within 30 days of this Order, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States First Class Mail to eligible members of the Settlement Classes whose mailing addresses can be determined through reasonable effort. The Claims Administrator also shall mail copies of the Notice to any other potential members of the Settlement Classes that request copies or that otherwise come to its attention. The Claims Administrator shall also cause the Publication Notice, the content of which shall be substantially as set forth in Exhibit D to the Settlement Agreement, to be published in the Philadelphia Inquirer – New Jersey Section and the Courier-Post once a week for three consecutive weeks and will also make the Notice available on the website dedicated to this Settlement.

12. The Court finds that the foregoing plan for notice to eligible members of the Settlement Classes will provide the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 and applicable standards of due process.

13. Prior to the Fairness Hearing, counsel for Defendants and Class Counsel shall jointly file with the Court an affidavit from a representative of the

Claims Administrator confirming that the plan for disseminating the Notice and the Publication Notice has been accomplished in accordance with the provisions of paragraph 11 above.

    14. Members of the Settlement Classes who wish to exclude themselves from the Class must request exclusion no later than thirty (30) days before the date of the Fairness Hearing, and in accordance with the instructions set forth in the Notice. Settlement Class Members who do not submit timely and valid requests for exclusion pursuant to such instructions will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim and Release Form to the Claims Administrator. Members of the Settlement Classes who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim and Release Form to the Claims Administrator.

    15. Members of the Settlement Classes who do not request exclusion may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorneys' fees) no later than thirty (30) days before the date of the Fairness Hearing. Any Member of the Settlement Classes who has not requested exclusion may also attend the Fairness Hearing, in person or

through counsel, and if the Member of the Settlement Classes has submitted written objections, may pursue those objections. No Member of the Settlement Classes, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the Member of the Settlement Classes has served and filed by first-class mail, postage prepaid and postmarked by thirty (30) days before the Fairness Hearing, copies of the statement of objection, together with any supporting brief and all other papers the Member of the Settlement Classes wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the Settlement Class Member may appear and personally object. Any such objection, brief, notice of appearance, or other related document must be mailed to the Court, with copies to Defendants' Counsel and Class Counsel, at the addresses indicated in the Notice.

16. Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived, any such objection.

17. Any attorneys hired or retained by Settlement Class Members at Settlement Class Members' expense for the purpose of objecting to the Settlement are required to serve a notice of appearance on Class Counsel and Defense Counsel

and file such notice with the Clerk of the Court, not later than twenty-one (21) days prior to the Fairness Hearing.

18. Any Settlement Class Member who serves and files a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, in order to object to the fairness, reasonableness or adequacy of the Proposed Settlement, is required to serve a notice of intention to appear on Class Counsel and Defense Counsel and file such notice with the Court, not later than twenty-one (21) days prior to the Fairness Hearing.

19. Respective Defendants' Counsel and Class Counsel are directed to furnish promptly to each other and any counsel who filed a notice of appearance with copies of any and all objections or written requests for exclusion that might come into their possession.

20. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action , other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed .

21. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Classes for settlement purposes will be

vacated, and the steps and actions taken in connection with the proposed Settlement (including this Order (except as to this paragraph, paragraph 2, and paragraph 22) and any judgment entered herein) shall become void and have no further force or effect. In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-motion status of the litigation.

22. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the respective Parties, their counsel, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

24. The court retains jurisdiction over this Action, the Parties, and all matters relating to the Settlement Agreement.

25. The Parties' submissions in support of final approval of the settlement shall be filed on or before May 16, 2016.  Class Counsel shall file their application for award of attorneys' fees on or before May 16, 2016.  A copy of the application shall be posted on the settlement website.

26. The Court may, for good cause, extend, but not reduce in time, any of the deadlines set forth in this Preliminary Approval Order without further notice to Class Members.

SO ORDERED this 29th day of February, 2016.

At Camden, New Jersey

s/ Noel L. Hillman
Noel L. Hillman, U.S.D.J