UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN)

| | |
|---|---|
| AARON THOMAS, SHARON DOWNS THOMAS, PAUL JOHNSTON, SHIRLEY JOHNSTON, DAN MORIAH, TIFFANY MORIAN, MICHELLE MORIAN, WILLIAM STUTZENBURG, PAMELA STUTZENBURG, SCOTT HOWARD, JESSICA HOWARD, and ROBIN RICHARDSON, individually and as a class representative on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>SOLVAY SPECIALTY POLYMERS USA, LLC (A WHOLLY OWNED SUBSIDIARY OF SOLVAY SA), ARKEMA INC. and JOHN DOES INDIVIDUALS AND BUSINESSES 1-20,<br><br>    Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CASE NO. 1:14-cv-01870 (NHL)(JS) |

  THIS MATTER having been brought to the Court in connection with Plaintiffs' Motion For Final Approval Of Class Action Settlement And Class Counsel's Request For Attorneys' Fees And Reimbursement Of Costs (the "Motion"), and the Court having considered the papers and arguments submitted in connection with the Motion and at the fairness hearing, and the Court observing that there are no objections thereto, and the parties to this action having consented to the form and entry of this Order, and for good cause shown,

  IT IS on this  2nd  day of _____June_____, 2016, ORDERED as follows:

1.   The Motion is granted. In granting the Motion for Final Approval and entering this Order, the Court adopts its Findings of Facts and Law set forth on the record at the fairness hearing.

2.   Definitions. Unless otherwise provided herein, the Court adopts and incorporates the definitions of all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order. The Settlement Agreement was preliminarily approved pursuant to this Court's Order dated February 29, 2016. In that Order, the Court also approved the certification of two Classes for settlement purposes only (the "Settlement Classes"); appointed Class Counsel; approved the form, content and manner of issuing notice of the proposed settlement; set a bar date for exclusions from the Settlement Classes and objections to the proposed Settlement; and scheduled a fairness hearing.

3.   This Court finally certifies the following Settlement Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only:

> **The Resident Class**
>
> All persons who were residents of the Borough of Paulsboro, Gloucester County, New Jersey for at least 12 months, consecutive or otherwise, during the period from August 19, 2009 through April 10, 2014;
>
> and
>
> **The Property Class**
>
> All persons who owned residential property in the Borough of Paulsboro, Gloucester County, New Jersey at any time during the period from August 5, 2013 through April 10, 2014.

The Court finds that the Settlement Classes meet all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and affirms certification of the Settlement Classes. Specifically, the Court finds and concludes:

    a. Each of the Settlement Classes is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

    b. There are questions of law or fact comment to each of the Settlement Classes, satisfying the requirements of Rule 23(a)(2) and Rule 23(c)(1)(B);

    c. The claims of Lead Plaintiffs are typical of the claims of each of the Settlement Classes, satisfying the requirements of Rule 23(a)(3);

    d. Lead Plaintiffs will fairly and adequately protect the interests of the Settlement Classes, and Lead Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation, satisfying the requirements of Rule 23(a)(4); and

    e. Questions of law or fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

    4.    The Court finds, upon review of the Settlement Agreement and consideration of the factors enunciated in <u>Girsh v. Jepson</u>, 521 F.2d 153, 157 (3d Cir. 1975) and <u>In re Prudential Insurance Co. of America Sales Practices Litigation</u>, 148 F.3d 283 (3d Cir. 1998), that the Settlement Agreement and the proposed benefits to the Settlement Classes are fair, reasonable and adequate and in the best interests of the Settlement Class members. Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are approved in their entirety by the

Court and incorporated into this Order as if expressly set forth and shall have the same force and effect of an Order of the Court.  The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

5.      The Court finds that due and adequate notice was provided pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure to members of the Settlement Classes, notifying the Settlement Classes of, *inter alia*, the pendency of this Action and the proposed Settlement Agreement.  The notice program set forth in the Settlement Agreement and in this Court's Order dated February 29, 2016, was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Classes who could be identified through reasonable effort, as well as publication of the Publication Notice three times in two newspapers of regional circulation (Courier Post and Philadelphia Inquirer-South Jersey Section), a press release released to the South Jersey Times and Courier Post, as well as copies of the Notice, Claim Form and other information on the Settlement Administrator's website established for the purpose of this settlement, www.PaulsboroWaterSettlement.com.  The individuals set forth on Exhibit "A" have filed timely and valid requests for exclusion and are hereby excluded from the Settlement Classes.

6.      As set forth in the Court's Findings of Facts and Law, the Court has considered that there have been no objections to the proposed settlement.

7.      The release of Settled Claims and the limitations on future Personal Injury Claims as set forth in the Settlement Agreement are incorporated by reference, and provide, *inter alia*, that for and in consideration of the benefits and mutual promises contained in the Settlement Agreement except for such liability as is created by the Agreement, Plaintiffs, individually and

on behalf of each and every member of the Settlement Classes, shall be deemed to have fully and expressly waived, released and discharged Solvay Specialty Polymers USA, LLC and Arkema Inc. and each of their respective parents, subsidiaries, affiliates, predecessors, successors and assigns and their officers, directors, attorneys and insurers from any and all liability, claims, causes of action, costs, damages, civil penalties, set offs, judgments and expense (including, but not limited to, all claims, known and unknown, set forth or which could have been set forth in the Action) including, but not limited to any claims relating to or arising from alleged violations of any state or federal statutes, regulations, rules or laws, and/or any causes of action arising out of common law.

8. The terms of the Final Approval Order and the Settlement Agreement are binding on the Plaintiffs and all members of both Settlement Classes, except those on Exhibit A, each of whom have timely and validly opted-out and shall have *res judicata*, collateral estoppel, and all other preclusive effect.

> Neither this Final Order nor the Agreement is an admission or concession by the Defendants of any actual or potential fault, omission, liability or wrongdoing. This Judgment is not a finding of the validity or invalidity of any claims in this Action or of any wrongdoing by the Defendants. Neither this Final Order nor the Court's Findings of Facts and Law, the Settlement Agreement or the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document shall be used as an admission of any actual or potential fault or omission by any person or be offered or received in evidence as an admission, concession, presumption or inference against any party in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

9. Based upon the Court's familiarity with the claims and parties, the Court finds that Plaintiffs adequately have represented and represent the interests of the Class, and the Court hereby confirms their appointment as Class Representatives.

10. The Court hereby approves Class Counsels' request for attorney's fees in the total amount of $800,000, inclusive of reimbursement of costs of $15,553.33, which shall be paid as set forth in the Agreement.

11. Lead Plaintiffs are each awarded the sum of $5000 to be paid as set forth in the Settlement Agreement.

12. The Cy Pres award of any remaining proceeds shall be paid to the Paulsboro Boys & Girls Club program as set forth in the Agreement.

13. The parties are directed to comply with the terms and provisions of the Agreement as approved by the Court.

14. This Action, including any and all claims against Defendants, are dismissed on the merits and *with prejudice*.

15. The Court retains jurisdiction over the interpretation, implementation and enforcement of the Agreement.

BY THE COURT:

s/ Noel L. Hillman

At Camden, New Jersey

Noel L. Hillman, U. S. D. J.

# Exhibit A
# Opt-Outs

| OPT OUT NBR | NAME | PROPERTY ADDRESS | CLASS |
| --- | --- | --- | --- |
| 1 | MARY SHANNON THOMPSON | 567 BILLINGS AVE | Owner/Resident |
| 2 | VEDA D SHEPPARD | 240 GREENWICH AVE | Owner/Resident |
| 3 | WANDA L GORDON | 408 BILLINGSPORT RD | Owner/Resident |
| 4 | MIRIAM M GORDON | 408 BILLINGSPORT RD | Resident |
| 5 | BRUCE W GORDON | 408 BILLINGSPORT RD | Owner/Resident |
| 6 | LINDA C GIULIANO | BEACON AVE | Owner |
| 7 | ESTATE OF FILOMENA MENNITE | BEACON AVE | Owner |
| 8 | MARY ANNE MENNITE | BEACON AVE | Owner |
| 9 | DORIS E SHRADER | 413 LINCOLN AVE | Owner |